UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NAJI A. ALKATEEB and  DEANNA<br>  R. WILSON-ALKAEEB, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-4683 (LMM) |
| | ) | |
| DOES 1-15, | ) | |
| | ) | |
| Defendants. | ) | |

**CORRECTED MOTION OF PUBLIC CITIZEN FOR LEAVE
TO FILE BRIEF AS AMICUS CURIAE**

Public Citizen moves for leave to file the accompanying brief as amicus curiae urging that the order below be vacated, for the following reasons:

Public Citizen is a public interest organization based in Washington, D.C., which has more than 150,000 members, more than 11,000 of them in New York.  Since its founding by Ralph Nader in 1971, Public Citizen has urged citizens to speak out against abuses by a variety of large institutions, including corporations, government agencies, and unions, and it has advocated a variety of protections for the rights of consumers, citizens and employees to encourage them to do so. Along with its efforts to encourage public participation, Public Citizen has brought and defended numerous cases involving the First Amendment rights of citizens who participate in public debates.

In recent years, Public Citizen has watched with dismay as an increasing number of companies have used litigation to prevent ordinary citizens from using the Internet to express their views about the manner in which companies have conducted their affairs.  In recent years, Public Citizen has represented consumers, *Bosley Medical Institute v. Kremer*, 403 F.3d 672 (9th Cir. 2005); workers, *Northwest Airlines v. Teamsters Local 2000*, No. 00-08DWF/AJB (D. Minn.);  investors,

*Hollis-Eden Pharmaceutical Corp. v. Doe*, Case No. GIC 759462 (Cal. Super. San Diego Cy.); and other members of the public, *Taubman v. WebFeats,* 319 F.3d 770 (6th Cir. 2003), who have been sued for criticisms they voiced on the Internet. *See generally* http://www.citizen.org/litigation/ briefs/internet.htm.   In these and other cases, companies have brought suit without having a substantial legal basis, hoping to silence their critics through the threat of ruinous litigation, or by using litigation to obtain the names of critics with the objective of taking extra-judicial action against them (such as by firing employees found to have made critical comments).   Public Citizen has represented Doe defendants or appeared as amicus curiae in several cases in which subpoenas have sought to identify anonymous posters on Internet bulletin boards or web sites. *Fitch v. Doe*, 2005 ME 39, 869 A.2d 722 (2005); *Melvin v. Doe*, 575 Pa. 264, 836 A.2d 42 (2003);  *Dendrite v. Doe*, 342 N.J. Super. 134, 775 A.2d 756 (N.J. Super. App. Div. 2001); *Immunomedics v. Doe*, 342 N.J. Super. 160, 775 A.2d 773 (2001); *Northwest Airlines v. Teamsters Local 2000*, No. 00-08DWF/AJB (D. Minn.);  *In re Cokinos*, Cause No. B-172,785 (D. Ct. Tex. Jefferson Cy.);   *Hollis-Eden Pharmaceutical Corp. v. Doe*, Case No. GIC 759462 (Cal. Super. San Diego Cy.); *iXL Enterprises v. Doe, No.* 2000CV30567 (Ga. Super. Fulton Cy.); *Thomas & Betts v. John Does 1 to 50*, Case No. GIC 748128 (Cal. Super. San Diego Cy.); *Hritz v. Doe,* C-1-00-835 (S.D. Ohio); *WRNN TV Associates v. Doe*, CV-00-0181990S (Conn. Super. Stamford); *Donato v. Moldow*, No. BER-L-6214-01 (N.J. Super. Bergen Cy.).

In these cases, amicus has argued that suits against anonymous speakers are unlike the normal tort case, where the identification of an unknown defendant at the outset of the case is merely the first step toward establishing liability for damages.   In a lawsuit filed over anonymous speech, the identification of the speaker provides an important measure of relief to the plaintiff because it

enables the plaintiff to employ extra-judicial self-help measures to counteract both the speech and the speaker, and thus creates a substantial risk of harm to the speaker.  In our system of laws, the courts ordinarily do not give substantial relief of this sort, even on a preliminary basis, absent proof that the relief is justified because success is likely and the balance of hardships favors the relief.

Whatever the reason for speaking anonymously, a rule that makes it too easy to remove the cloak of anonymity will deprive the "marketplace of ideas" of valuable contributions.  To be sure, some individuals may speak anonymously because they fear the entirely proper consequences of improper speech, such as the prospect of substantial damages liability if they tell lies about somebody they do not like.   The challenge for the courts is to develop a test for the identification of anonymous posters that makes it neither too easy for vicious defamers to hide behind pseudonyms, **nor** too easy for a big company or public official to unmask critics simply by filing a complaint that manages to state a claim for relief under some tort or contract theory.  (In this regard, we note that, although their wedding was featured in the Sunday New York Times, http://www.nytimes.com/2004/04/11/fashion/weddings/11VOWS.html?ex=1397016000&en=b5 834d32e6471fd3&ei=5007&partner=USERLAND, plaintiffs in this case appear to be two private individuals, but most cases of this sort are filed by a very different type of plaintiff, and of course the same standard must apply to all such cases.)

In this case, plaintiffs invoke a test for the identification of anonymous speakers that is less specific than the one that amicus advocates.  *Sony Music Entertainment v. Does 1-40*, 326 F. Supp.2d 556 (S.D.N.Y. 2004).  Three of the Does have moved to quash, citing both *Sony* and the *Dendrite* case that amicus Public Citizen helped develop.  However, movants are specifically focused on the facts relating to their own situation, while paying less attention to the reasons why it might be

inappropriate to enforce the subpoenas to identify the owners of the other thirty pseudonyms. Indeed, movants have sidestepped issues of the Court's jurisdiction which, if addressed, might protect the other Does against identification.

Amicus seeks leave to file this brief to urge this Court to embrace the developing consensus among those courts that have considered this question, by borrowing a standard from the rules governing the disclosure of anonymous sources in libel cases.

Richard Ravin, counsel for movants IdaChit et al. consents to this motion.    Peter Williamson, counsel for plaintiffs, indicated that his clients oppose the request.

## CONCLUSION

The motion for leave to file a brief as amicus curiae should be granted.

Respectfully submitted,

/s/
Paul Alan Levy

  Public Citizen Litigation Group
  1600 - 20th Street, N.W.
  Washington, D.C. 20009
  (202) 588-1000

/s/
Daniel E. Clifton (DC 0632)

  Lewis, Clifton & Nikolaidis. P.C.
  Suite 2300
  275 Seventh Avenue
  New York, New York 10001
  (212) 419-1500

  Attorneys for Amicus Curiae

August 10, 2005